# UNITED STATES DISTRICT COURT
## for the
### District of Maryland

| | |
|---|---|
| United States of America<br>v.<br>Michael Hayden, Jr.<br><br>*Defendant(s)* | )<br>)<br>) Case No. **13-2153 SKG**<br>)<br>)<br>)<br>) |

## CRIMINAL COMPLAINT

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.

On or about the date(s) of  March 28, 2012 & August 24, 2013  in the county of  Talbot  in the  _____ District of  Maryland , the defendant(s) violated:

| Code Section | Offense Description |
|---|---|
| 18 U.S.C. Section 1512(b)(3) | Witness Tampering (attempting to prevent witness contact with law enforcement) |
| 18 U.S.C. Section 1513(b)(2) | Witness Retaliation |
| 18 U.S.C. Section 1512(b)(1) | Witness Tampering (attempting to influence Grand Jury testimony of a potential witness) |
| 18 U.S.C. Section 1512(b)(2)(A) | Witness Tampering (attempting to prevent witness from providing Grand Jury testimony) |

This criminal complaint is based on these facts:

See attachment hereto and attached Affidavit in support of Complaint.

☑ Continued on the attached sheet.

_____
*Complainant's signature*

Daniel E. Collins, Special Agent, U.S. F&WS
*Printed name and title*

Sworn to before me and signed in my presence.

Date: 09/09/2013

_____
*Judge's signature*

City and state: Baltimore, Maryland

Susan K. Gauvey, United States Magistrate Judge
*Printed name and title*

# UNITED STATES –v- MICHAEL D. HAYDEN, JR., 13-2153 SKG
## Complaint Attachment

1) On or about March 28, 2012, defendant MICHAEL D. HAYDEN, JR., knowingly attempted to threaten an individual he knew to be a potential witness with the intent to prevent that witness from communicating to Federal law enforcement officers (LEOs) information relating to the commission of Federal offenses: to wit, after a search warrant was executed at his residence, and after Grand Jury subpoenas were issued to other witnesses including Witness #1, defendant MICHAEL D. HAYDEN, JR., contacted Witness #1 by telephone claiming that he believed Witness #1 had cooperated with LEOs and saying "I'll get your ass" in an attempt to prevent Witness #1 from further communicating with LEOs.

All in violation of 18 U.S.C. § 1512(b)(3).

2) On or about March 28, 2012, defendant MICHAEL D. HAYDEN, JR., knowingly threatened to cause bodily injury to Witness #1, with the intent of retaliating against Witness #1 for providing information to LEOs relating to the possible commission of Federal conspiracy and Lacey Act violations: to wit, upon hearing that Witness #1 may have cooperated with LEOs, defendant MICHAEL D. HAYDEN, JR., contacted Witness #1, by telephone, and stated, "you rolled on me, motherfucker, a man told me so, that's ok, I will take care of your ass."

All in violation of 18 U.S.C. § 1513(b)(2).

3) On or about August 24, 2013, defendant MICHAEL D. HAYDEN, JR., knowingly attempted to corruptly persuade Witness #2 with the intent of influencing Witness #2's testimony before a Federal Grand Jury proceeding: to wit, MICHAEL D. HAYDEN, JR., learned that Witness #2 had been subpoenaed before a Grand Jury sitting in the District of Maryland and contacted Witness #2 both by telephone and in-person and advised Witness #2 in

sum and substance to lie about the illegal harvesting of Striped Bass on the Chesapeake Bay during his Grand Jury appearance.

All in violation of 18 U.S.C. § 1512(b)(1).

4) On or about August 24, 2013, defendant MICHAEL D. HAYDEN, JR., knowingly attempted to corruptly persuade Witness #3 to withhold testimony from a Federal Grand Jury: to wit, MICHAEL D. HAYDEN, JR., learned that Witness #3 had been subpoenaed to appear before a Grand Jury sitting in the District of Maryland, contacted Witness #3 in-person, and instructed Witness #3 not to tell Federal prosecutors or the Grand Jury anything.

All in violation of 18 U.S.C. § 1512(b)(2)(A).



13-2153 **SKG**

# AFFIDAVIT

I, Daniel E. Collins, being duly sworn, do depose and state as follows:

1. I am over eighteen (18) years of age and declare that the following statements are true and correct to the best of my knowledge and belief and are based on my personal knowledge. I make this affidavit in connection with the United States' criminal complaint against, and arrest warrant for, MICHAEL D. HAYDEN, JR.

2. I am a Special Agent of the United States Fish and Wildlife Service, Office of Law Enforcement (USFWS OLE) and have been so employed for twelve years.

   a. I am currently assigned to the USFWS OLE in the State of Delaware.

   b. Prior to my employment with USFWS OLE, I was a civilian Special Agent with the U.S. Army Criminal Investigation Command for two years.

   c. I have a Bachelor of Science degree from the State University of New York College of Environmental Science and Forestry in Syracuse, New York and a Master of Studies in Environmental Law (M.S.E.L.) degree from Vermont Law School in South Royalton, Vermont.

3. The USFWS OLE has jurisdiction to enforce the Lacey Act, as amended, 16 U.S.C. § 3371 et. seq. The Lacey Act contains several criminal provisions including 16 U.S.C. §§ 3372(d), 3373(d). Distilled, these provisions make it unlawful to:

   a. Transport, sell, receive, acquire, or purchase any fish or wildlife taken or possessed in violation of any law treaty, or regulation of the United States;

   b. Transport, sell, receive, acquire, or purchase, in interstate commerce, any fish or wildlife taken, possessed, transported, or sold in violation of any law or regulation of any state; and

      c.    Make or submit any false record, account, or label for, or any false identification of, any fish or wildlife which has been, or is intended to be transported in interstate commerce.

4. Lacey Act, and other wildlife investigations, often implicate various Title 18 offenses to include obstruction of justice, witness tampering, and false statements, among others. As such, the USFWS OLE is also authorized to investigate Title 18 offenses.

5. I am currently conducting an investigation into felony violations of the Lacey Act within the District of Maryland and one of the individuals currently under investigation is MICHAEL D. HAYDEN, JR., who is a commercial fisherman, licensed in the State of Maryland under commercial tidal fish license (TFL #12328). MICHAEL D. HAYDEN, JR., possesses a Striped Bass (*Morone saxatilis*) allocation permit and operates commercial fishing vessels on the Chesapeake Bay.

6. During the course of that investigation, I, along with other agents of the USFWS OLE and the Maryland Natural Resources Police, have interviewed numerous witnesses. In addition, a Grand Jury sitting in Baltimore was convened to investigate the aforementioned wildlife crimes. That Grand Jury has also subpoenaed witnesses in connection with the investigation.

7. During multiple interviews, and in the context of the Grand Jury proceedings, we have been made aware of efforts undertaken by MICHAEL D. HAYDEN, JR., to obstruct this investigation by chilling and manipulating both witness interviews with law enforcement officers (LEOs) and witness testimony before the Grand Jury. In addition, we have also learned that MICHAEL D. HAYDEN, JR., has threatened to retaliate against individuals he believes to have talked to LEOs, testified before the Grand Jury, or otherwise provided information in connection with this investigation.

8. More specifically, your affiant has interviewed three (3) witnesses who have advised of three (3) separate incidents of MICHAEL D. HAYDEN, JR., attempting to chill or manipulate witness interviews/testimony and/or threatening to retaliate against potential witnesses.

a. According to Witness #1, at 1:53 p.m., on March 28, 2012, in the District of Maryland, Witness #1 was contacted by a cell phone number not affiliated with MICHAEL D. HAYDEN, JR., but rather that associated with Witness #2. Nonetheless, Witness #1 recognized the voice to be that of MICHAEL D. HAYDEN, JR., based on having worked with him for several years. According to Witness #1:

   i. MICHAEL D. HAYDEN, JR. said "you rolled on me, motherfucker, a man told me so, that's ok, I will take care of your ass." Also according to Witness #1, MICHAEL D. HAYDEN, JR. told him during the telephone call: "Don't lie to me bitch. I have a man who knows" and "I'll get your ass."

   ii. Witness #2 advised your affiant that he did recall an incident where MICHAEL D. HAYDEN, JR., did use Witness #2's telephone to contact Witness #1 to avoid having his call screened.

   iii. Your affiant consulted Verizon telephone records. Those records confirmed that a telephone call was placed from a cellular telephone belonging to Witness #2 to a cellular telephone belonging to Witness #1 on March 28, 2012, at 1:53 p.m. and that call lasted 139 seconds.

b. According to Witness #2, on or about August 24, 2013, in the District of Maryland, MICHAEL D. HAYDEN, JR. contacted Witness #2 on his cellular telephone and asked Witness #2 to meet him in person. Witness #2 then met MICHAEL D. HAYDEN, JR. in-person. According to Witness #2:

   i. MICHAEL D. HAYDEN, JR. stated that he was aware that Witness #2 was subpoenaed to appear before a federal grand jury and that two other witnesses were also supposed to appear.

3

    ii. MICHAEL D. HAYDEN, JR., asked what Witness #2 was going to say to the Grand Jury. Witness #2 advised he was going to stick to the story that MICHAEL D. HAYDEN, JR., had previously provided to law enforcement when caught with Striped Bass on their commercial fishing vessel on a particular fishing trip – i.e., that the pole they had used to catch Striped Bass in the commercial fishing vessel they were using that day had fallen overboard. Witness #2 then advised your affiant that there were never any such fishing pole on the boat and that the Striped Bass found by Maryland Department of Natural Resources Police were illegally caught or poached.

    iii. Witness #2 further advised your affiant that, "it was hard to keep track of what lie to tell to who [sic]" or words to that effect. This comment was in reference to the number of lies MICHAEL D. HAYDEN, JR., was instructing Witness #2 to tell regarding the investigation.

c. On or about August 24, 2013, in the District of Maryland, MICHAEL D. HAYDEN, JR. contacted Witness #3.

    i. MICHAEL D. HAYDEN, JR. was aware that Witness #3 was subpoenaed to appear before a federal grand jury regarding the investigation.

    ii. Witness #3 was told by MICHAEL D. HAYDEN, JR. that he should not provide any information to the Grand Jury in connection with the investigation.

9. The information contained herein was acquired by this affiant during the investigation conducted by him and Maryland Natural Resources Police.

I declare under penalty of perjury that the foregoing is true and correct and is based on my personal knowledge.

*[Signature: Daniel E. Colli]*

Daniel E. Collins
Special Agent
U.S. Fish & Wildlife Service
Office of Law Enforcement